IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE ESTATE OF KENNETH PRICE, DECEASED

Civ. No. 13-0677 WPJ/ACT

**MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT**

This matter is before the Court, *sua sponte,* on pro-se individual Pri-Ya N. Chen's *Notice of Removal*, filed July 22, 2013 [Doc. 1]. The Court has a duty to ascertain its subject-matter jurisdiction and to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("Once the district court determined that it lacked diversity jurisdiction, it should have remanded the case back to state court."). Reviewing the record and considering the law, the Court will remand the case to the probate division of the Eighth Judicial District Court, State of New Mexico, County of Taos.

"There is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

On February 1, 2013, Ms. Chen filed a creditor claim for $600,000,000 under N.M.S.A. 1978, § 45-3-806 against the estate of Kenneth Price, who is deceased, in his probate proceedings pending in New Mexico's Eighth Judicial District court. *See* Doc. 1 at 1; Doc. 1-2 at 20. Ms. Chen

contends that Mr. Price had plagiarized and wilfully infringed on her copyrighted work. *See* Doc. 1 at 1. After the personal representative denied her claim, Ms. Chen demanded a jury trial, but the state court barred her from pursuing those claims in the probate action for lack of subject-matter jurisdiction. *See id.* at 2-3.

Ms. Chen contends that removal of this case is proper under 28 U.S.C. § 1454(a), which provides:

> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

28 U.S.C. § 1454 (d) provides that, "[i]f a civil action is removed solely under this section, the district court (1) shall remand all claims that are neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress."

The action Ms. Chen seeks to remove is not a civil action filed in state court for copyright infringement - it is a probate proceeding. Probate proceedings may not be removed to federal court. *See  Huber-Happy v. Estate of Rankin*, No. 06-3356, 233 Fed. App'x 789, 790, 2007 WL 1168849, *1 (10th Cir. Apr. 20, 2007) (holding that "removal of the state-court probate proceeding in this case was objectively unreasonable" because "it is a well-established principle that federal courts will not assume general jurisdiction over state-court probate matters"). What this means is that the United States District Court for the District of New Mexico has absolutely no jurisdiction whatsoever to consider the subject matter of Ms. Chen's claims made in the Probate case pertaining to  the Estate of Kenneth Price, Deceased.  Probate cases must be filed in state court and cannot be removed to federal court.

Accordingly, the Court having no subject matter jurisdiction, this case is remanded to state court.

**IT IS THEREFORE ORDERED** that this case is REMANDED to the Eighth Judicial District Court, State of New Mexico, County of Taos, for want of subject-matter jurisdiction, and that the Clerk shall mail a certified copy of this Order of remand to the District Court Clerk of Taos County..

 **UNITED STATES DISTRICT JUDGE**